THOMAS J. McGEARY, PLAINTIFF-APPELLANT, v. RANDOLPH A. HYDE, DEFENDANT-APPELLEE.

Argued October term, 1924—Decided January 27, 1925.

**Rent—Evidence Showed Tenant Held From Month to Month, Though Denied by Tenant—Three Months' Notice of Removal Not Given—Judgment for Three Months' Rent.**

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff-appellee, *Joseph F. S. Fitzpatrick.*

For the defendant-appellant, *Charles H. Burlis.*

PER CURIAM.

This is defendant's appeal from a judgment in the Second District Court of Jersey City, in favor of plaintiff, entered by the judge sitting without a jury, in an action to recover rent for July, August and September, 1923, for an apartment owned by plaintiff and occupied by defendant at a monthly rental of $180.

It appears that plaintiff purchased the property in 1921, and at that time defendant occupied one of the apartments under a written lease from a former owner, which expired December 31st, 1921, and in January, 1922, plaintiff and defendant entered into a written lease for a period of six months.

The trial judge found, as appears by the state of the case, that thereafter, on June 30th, 1922, defendant, by oral agreement with plaintiff, became a monthly tenant at a rental of $180 a month, and continued as such until July 2d, 1923.

On May 18th, 1923, defendant wrote plaintiff a letter, in which he stated that he intended to vacate on June 30th, 1923. He did not vacate, however, until July 2d, 1923. Plaintiff was unsuccessful in renting the apartment until October 1st. This suit was brought to recover for the rent

due for July, August and September. The trial judge found for the plaintiff. The appellant contends that this was erroneous, in that there was no monthly tenancy subsisting at the time upon which a rental could be predicated, but the trial judge found that there was, and it must be assumed that there was evidence to support the finding, the evidence not being before us. Being a monthly tenancy, it required three months' notice in writing, of the intention to terminate the tenancy upon one of the dates upon which rent is payable. *Pamph. L.* 1923, *p.* 145, *ch.* 72. A notice to quit at any other period sooner or later than the termination of the tenancy will not avail. *Steffens* v. *Earl*, 40 *N. J. L.* 128; *Waters* v. *Williamson*, 59 *Id.* 337; *Finkelstein* v. *Herson*, 55 *Id.* 217.

The only other point urged for reversal is that the judgment of the court was excessive, in that it included rent for the month of September, but we think if the plaintiff was entitled to recover at all, he was entitled to recover for the three months in suit.

The judgment will be affirmed.